IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBBIE CHRISHON,<br><br>    Plaintiff,<br><br>v.<br><br>MIKE JOHANNS,<br>Secretary of the United States<br>Department of Agriculture,<br><br>    Defendant. | Civil Action No. 06-1016 (RBW) |

**ANSWER**

The Defendant, Mike Johanns, in his official capacity as Secretary of the United States Department of Agriculture ("USDA") hereby answers the allegations brought against him in the Complaint filed by the Plaintiff, Robbie Chrishon:

FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim for which relief may be granted.

SECOND AFFIRMATIVE DEFENSE

Defendant denies any discrimination against Plaintiff, but asserts that, regardless of any such claimed motivations, it would have taken the same personnel actions challenged by Plaintiff.

Defendant further answers the numbered paragraphs of the Plaintiff's Complaint by denying the allegations contained therein except as expressly admitted as follows:

1. This paragraph contains Plaintiff's characterization of her Complaint and conclusions

of law to which no response is required. However, Defendant does not dispute that Plaintiff has initiated this suit pursuant to Title VII.

2. Defendant does not dispute the Court's jurisdiction over this matter, nor does he dispute Plaintiff's exhaustion of administrative remedies as to the specific claim of non-selection alleged in Count One of the Complaint.

3. Defendant does not dispute venue in this matter.

4. Admit.

5. The allegations in this paragraph are admitted to the extent that Defendant is the Secretary of the United States Department of Agriculture and is named in his official capacity. Defendant avers that during the time of the allegations contained in this Complaint, Ann M. Veneman was the Secretary of USDA and that Mike Johanns has been substituted as a Defendant in his official capacity by operation of Fed. R. Civ. P. 25(d)(1).

6. Defendant admits the allegations in the first sentence of this paragraph. Defendant denies any discrimination, but admits that Plaintiff was non-selected for the position of Director of Acquisition Management, which was advertised as a Senior Executive Service ("SES") Position in July 2004. A white male was ultimately chosen for this position. Otherwise, deny.

7. Defendant admits the allegations in the first and second sentences of this paragraph. Defendant denies the third sentence in this paragraph, except to admit that Plaintiff received some awards during her tenure, and to aver that she received satisfactory performance ratings.

8. Deny.

9. Defendant admits the allegations in the first sentence. Otherwise, deny.

10. Admit only to the extent that Mr. Fabian, a white male, who was previously

supervised by Plaintiff, was detailed to the Director of Acquisition Management position once Ms. Chrishon was reassigned. Mr. Fabian transferred out of the position in November 2004.

11. Admit only to the extent that Vacancy Announcement Number FS-SES-007-BO-2004-A advertised the position of Director of Acquisition Management at the SES level. Defendant further admits that this announcement was posted online and open government wide from July 6, 2004 to August 5, 2004. Defendant either lacks knowledge or denies all other characterizations and allegations in this paragraph.

12. Defendant admits the allegations in this paragraph only to the extent that Plaintiff timely applied for the advertised SES Director of Acquisition Management, and that Dave Heerwagon told Plaintiff on or about November 29, 2004, that she had not made the list of candidates to be interviewed. Otherwise, deny.

13. Defendant admits the allegations in the first sentence of this paragraph, except disputes Plaintiff's characterization that she was "finally" interviewed. Defendant denies the allegations of the second sentence, except to admit that Plaintiff was told that she did not interview well.

14. Admit the first two sentences of this paragraph. Otherwise, deny.

15. Deny.

16. Defendant denies any unlawful action and lacks sufficient knowledge regarding Plaintiff's alleged suffering.

The remaining paragraphs numbered 1-6 set forth Plaintiff's prayer for relief, to which no response is required; however, Defendant denies that Plaintiff is entitled to the relief sought or to any relief whatsoever. Defendant further avers that any award of compensatory damages for

Plaintiff's Title VII claim would be subject to and limited by 42 U.S.C. § 1981a, and that exemplary damages may not be awarded in this action.

    WHEREFORE, having fully answered, Defendant respectfully requests the Court to enter an Order dismissing the Complaint against Defendant with prejudice

        Respectfully submitted,

_____
KENNETH L. WAINSTEIN
DC Bar #451058
United States Attorney


_____
RUDOLPH CONTRERAS
DC Bar #434122
Assistant United States Attorney


_____
KATHLEEN KONOPKA
DC BAR #495257
Assistant United States Attorney
202/616-5309