**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ROBBIE CHRISHON,** | ) |
| | ) |
| **Plaintiffs,** | ) C. A. No.: 06-1016 (RBW) |
| | ) |
| **v.** | ) |
| | ) |
| **MIKE JOHANNS,** | ) |
| **SECRETARY, DEPARTMENT OF** | ) |
| **AGRICULTURE** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |
| | ) |

**STIPULATED PRIVACY ACT AND CONFIDENTIALITY ORDER**

Subject to the Court's approval, plaintiff and defendant, by their undersigned counsel,

hereby stipulate and agree that documents and information designated by counsel as protected

shall be given protected material status, shall be disclosed only to counsel for the parties and to

those persons designated in paragraph 6 below, shall be used solely for purposes of the above-

captioned litigation, and shall be further protected as set out herein.

1. Counsel for defendant is hereby authorized, pursuant to 5 U.S.C. § 552a(b)(11) to

release to plaintiff's attorneys of record and the Court, government records or information

derived from such records, pertaining to past or present federal employees, release of which

would otherwise be prohibited by the Privacy Act, 5 U.S.C. § 552a.  This release may occur

without obtaining the prior written consent of the individuals to whom such records or

information pertain.  Such disclosure of records or information shall be subject to the provisions

of paragraph 1 through 10 of this Stipulated Privacy Act and Confidentiality Order ("Stipulated

Order").

2. Counsel for either party to this litigation may initially designate as "protected

information " hereunder any material exchanged in this case if counsel deems, in good faith, that

release of such material would otherwise constitute an unreasonable invasion of privacy. Either

party designating material as protected hereunder represents thereby that it has done so in good

faith and pursuant to a bona fide belief that such materials are in fact confidential and deserving

of protection. Counsel and parties are referred to Local Civil Rule 5.4(f) for typical examples of

material deserving "protected" designation. For purposes of the instant litigation, examples of

materials likely deserving "protected" designation include: documents that contain information

regarding plaintiff's medical and mental health or documents, involving present or former

employees of the government, such as applications, official personnel records, performance

appraisals and the like.

3. Each party shall either mark the designated material as "Confidential" or "privacy

protected," or shall designate in a letter to the other party those materials subject to this

stipulation and order.

4. Pursuant to L.Civ.R. 5.2(a), the parties shall not file discovery materials, including

interrogatories, answers thereto, document requests, responses thereto, requests for admission,

responses thereto, or deposition transcripts, containing information subject to this order with the

Clerk of Courts.

5. If any party intends to file any motion, opposition, reply or any other filing prior to

trial and attach thereto or set forth information that has been designated as subject to this

Stipulated Order pursuant to paragraph two, including portions of deposition testimony or

exhibits that contain, reference, or discuss information subject to this Stipulated Order, such

filing, to the extent that it includes limited reference to protected information, may be filed on the

public record in accordance with LCvR. 5.4(f); otherwise, the filing shall be made in the Clerk's

Office in sealed envelopes or other approved sealed containers on which shall be endorsed the

title to this action, a brief description of the contents of such sealed envelope or container, and

the words "under seal."  Each party agrees that it will not oppose any motion to seal filed by the

other party for this purpose.  Within three business days after the filing of any such document

under seal, the party who filed the document shall serve on counsel for the other party a copy of

such document from which the protected material has been deleted unless such document has

previously been produced to the other party.  Counsel for the other party shall then have three

business days to review the redacted copy of the document to determine whether or not they

agree with the proposed deletions.  At the conclusion of that review period the redacted copy

shall be filed on the public record unless an objection has been made by one of the other parties.

In the event of an objection that the parties are unable to resolve informally either party may

submit the dispute to the Court for resolution.  The document in question shall be filed on the

public record containing the material as to which there is no dispute pending resolution of the

matter by the Court.

     6.  The parties' right of access to all materials designated as subject to this Order (unless

the parties have agreed otherwise or the Court enters an Order permitting disclosure) shall be

limited to the party, counsel for the party, consultants to the party, paralegals and expert

witnesses in their employ, any reporter recording the deposition testimony in this action, and any

other person(s) mutually authorized by plaintiff and defense counsel to examine such materials.

Any person having access to information subject to this Order shall be informed that it is

confidential and subject to a non-disclosure Order of the Court, and that it is to be used only for

purposes of proceeding in this action.

7.  Except as provided herein, no person having access to material designated as subject

to this Order shall make public disclosure of those materials without further Order of the Court or

written stipulation, signed by counsel for plaintiff and counsel for the defense.

8.  All documents and copies of documents designated as subject to this Order shall be

destroyed or returned to opposing counsel at the conclusion of all trial and appellate proceedings

in this case.  If the documents are destroyed, the opposing party shall so notify designated

counsel in writing.  This provision shall not apply to (i) documents for which the designation

under this Protective Order has been withdrawn or terminated, (ii) documents filed with the

Court, and (iii) documents that have been introduced at trial or that contain information that has

otherwise become public.

9.  Nothing contained in this Order shall be construed as precluding Plaintiff or

Defendant from introducing materials, which are subject to this Order, or the contents thereof, at

a deposition in this case or into evidence at the trial of this case.  If however, these documents are

to be used at trial, the Court may determine and direct at that time the extent to which

confidentiality shall be protected.

10.  Any specific part or parts of the restrictions imposed by this Protective Order may be

terminated at any time by an Order of the Court.  This Order is without prejudice to the rights of

any party to make any objection to discovery permitted by the Federal Rules of Civil Procedure,

or by any statute or other authority, or to the rights of any party to make evidentiary objections at

trial.

      11.  This Order is without prejudice to the rights of either party to seek from the Court a

modification of this Order.  If the opposing party disagrees with the designating party's

designations and if the parties are unable to resolve the disagreement, the opposing party may

seek an Order from the Court removing the disputed material from the protection of this

Stipulated Order.

Respectfully submitted,


_____/s/_____          _____/s/_____
JEFFREY TAYLOR, D.C. BAR #434122               JASON C. CRUMP, ESQ.
United States Attorney                         9200 Basil Court, Suite 301
                                               Largo, MD 20774


_____/s/_____
RUDOLPH C. CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


_____/s/_____
ALEXANDER D. SHOAIBI, D.C. BAR # 423587
Assistant United States Attorney
Judiciary Center Building, Room E4218
555 4th Street, NW
Washington, DC 20530
Tel: (202) 514-7236


                                    APPROVED:


                                    _____
                                    UNITED STATES DISTRICT JUDGE
                                    Date: