UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBBIE CHRISHON, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>MIKE JOHANNS, )<br>SECRETARY, DEPARTMENT OF )<br>AGRICULTURE )<br>)<br>Defendant. )<br>)<br>_____ ) | C. A. No.: 06-1016 (RBW/DAR) |

## STIPULATION OF SETTLEMENT AND DISMISSAL

THIS STIPULATION OF SETTLEMENT AND DISMISSAL is made this 6th day of November, 2007, between Plaintiff in the above-captioned case, Robbie Chrishon, and the Defendant, Michael Johanns, in his official capacity as Secretary of the United States Department of Agriculture ("Secretary").

WHEREAS, Plaintiff, Ms. Chrishon, has brought suit in the United States District Court for the District of Columbia, Civil Action No. 06-1016 (RBW/DAR);

WHEREAS, the Secretary denies any liability to Ms. Chrishon in connection with her allegations as raised in this litigation or in any underlying administrative proceeding; and

WHEREAS, the parties wish to resolve the disputes that are the subject of this civil action without the expense and burden of further litigation;

NOW THEREFORE, Ms. Chrishon and the Secretary, intending to be legally bound, hereby enter into the following Stipulation of Settlement and Dismissal ("Stipulation"):

1. This Stipulation of Settlement is entered into by and between Ms. Robbie Chrishon

("Plaintiff") and Michael Johanns, Secretary of Department of Agriculture ("Defendant") to make full and final settlement of any and all matters raised, or which could have been raised, by Plaintiff in this action. Plaintiff agrees to accept the terms set forth herein in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatever kind and nature based upon her employment with the Defendant up to the date Plaintiff signs this Stipulation of Settlement, including but not limited to the claims asserted in the above-styled action. In particular, and without limitation, this settlement shall include all possible claims for damages, backpay, front pay, and other equitable relief by Plaintiff against Defendant, and claims for attorney's fees and costs incurred by Plaintiff in connection with the administrative Equal Employment Opportunity process, the District Court litigation process and any other proceedings involving the claims raised, or which could have been raised, in this action.

2. In order to resolve the matters in dispute without further administrative processes, litigation, expense, and delay, Plaintiff and Defendant agree as follows:

    a. By signing this Stipulation of Settlement, Plaintiff withdraws, with prejudice, the above-styled complaint of discrimination. This Stipulation of Settlement constitutes the full, final, and complete relief that Plaintiff may have for the conduct alleged in this civil action. In addition, Plaintiff agrees not to institute any other actions, charges, complaints, appeals, or other proceedings against the Defendant, with respect to any matter which arose or could have arisen and been brought in connection with the allegations covered by this Agreement, under Federal law, Federal or State statutes, or the Constitution of the United States or of a State, in either a Federal or State Court or administrative forum;

    b. By signing this Stipulation of Settlement, Plaintiff withdraws, with prejudice, all

other actions, charges, complaints, and appeals against the Defendant and his present or former employees or officers that are before this Court, the Equal Employment Opportunity Commission, or any other forum;

c.  By signing this Stipulation of Settlement, Plaintiff unconditionally releases the Defendant and his present and former employees, officers, agents, representatives, and all persons acting by, through, or in concert with any of those individuals, either in their official or individual capacities, for any and all liability which has arisen from the occurrences which are the subject matter of Plaintiff's complaint in this matter, or any other pending, existing, or putative cause of action against the Defendant of any sort whatsoever;

d.  By signing this Stipulation of Settlement, Plaintiff agrees to execute any and all other documents necessary to implement and effectuate the provisions of this Stipulation of Settlement;

e.  Plaintiff acknowledges that by virtue of this Stipulation of Settlement, Plaintiff is waiving rights and claims under various Federal laws, including, but not limited to, Title VII of the Civil Rights Act, as amended, 42 U.S.C. § 2000e, et seq., with respect to her underlying complaint;

f.  Plaintiff does not waive any rights or claims that may arise after the date on which this Stipulation of Settlement is signed;

g.  In consideration for the promises made herein, the Defendant will pay Plaintiff, as soon as is administratively possible, the total amount of $80,262.00 ($18,262.00 of this total amount represents attorney's fees), which includes but is not limited to any costs,

3

attorney's fees and expenses incurred by Plaintiff and her counsel in connection with this matter. The above amount is inclusive of any back pay to which plaintiff may claim entitlement deriving from retroactive promotions provided as part of this agreement.

h.   In further consideration for the promises made herein, the Defendant will promote Plaintiff to a GS-15, Step 9, and this promotion will be retroactive to May 1, 2005. Also as part of this agreement, Defendant will promote Plaintiff to a GS-15, Step 10, retroactive to January 1, 2007. These retroactive promotions will include applicable locality pay and cost of living increases.

I.   Plaintiff agrees to retire from the federal government in January of 2008 after the end of the first pay period in that month.

j.   Plaintiff does not object to Defendant attempting to fill Plaintiff's position, including advertising the position and posting vacancy announcements, beginning in November of 2007.

k.   Defendant will submit all paperwork required for the processing of the above payment within thirty days of plaintiff's signing this stipulation of settlement and dismissal.

3.   This Stipulation of Settlement shall not constitute or be construed as an admission of liability or fault on the part of the Defendant or his officers or employees and is entered into by both parties for the purpose of compromising disputed claims and avoiding the expense and risk of further litigation.

4.   Plaintiff and her attorney fully understand and acknowledge that payment of any and all Federal, State, or local taxes on this payment are the responsibility of Plaintiff and/or her attorney.

5. This Stipulation of Settlement may be used as evidence in a subsequent proceeding in which either of the parties allege a material breach of this Agreement. Plaintiff hereby agrees to indemnify and hold Defendant harmless from and against any and all loss, cost, damages or expenses including, without limitation, attorney fees incurred by the Defendant arising out of any breach of this Settlement Agreement by Plaintiff.

6. Plaintiff acknowledges that her attorney has reviewed and explained the provisions of this Stipulation of Settlement to her and been provided sufficient time for this purpose.

7. Plaintiff acknowledges that she has entered into this Stipulation of Settlement voluntarily and that the Defendant has not imposed any undue hardship, duress, or coercion in connection with execution of this document.

8. This Stipulation of Settlement entered into by the Defendant and Plaintiff together sets forth the entire agreement between the parties and fully supersedes any and all prior agreements or understandings between the parties pertaining to the subject matter hereof. This document cannot be altered, modified, withdrawn, rescinded, or supplemented in any manner after the date on which it is approved by the Court, unless mutually agreed in writing by the parties. Plaintiff and Defendant agree that neither party is bound by any representation, promise or inducement not set forth in this Agreement. This Agreement is a joint product and shall not be construed against either party on the grounds of sole authorship.

9. This Stipulation of Settlement shall be binding upon Plaintiff, as well as Plaintiff's heirs, assigns, representatives, proxies, guardians, or any other person or entity acting on behalf of, or at the behest of, Plaintiff.

10. Plaintiff expressly agrees not to use this Stipulation of Settlement, nor to permit any other

person to use it, in any judicial or administrative proceeding as evidence of, or to attempt to prove the existence of, discrimination/reprisal or other adverse action or prohibited personnel practice, or in any other manner, except as provided by paragraph 4.

11. Each of the respective rights and obligations of the parties hereunder shall be deemed independent and may be enforced independently irrespective of any other rights and obligations set forth herein.

12 In case any provision of this Agreement should be held to be contrary to, or invalid under, the law of any country, state or other jurisdiction, such illegality or invalidity shall not affect in any way other provisions thereof, all of which shall continue, nevertheless, in full force and effect; any provision which is held to be illegal or invalid in any country, state or other jurisdiction shall, nevertheless, remain in full force and effect in a country, state or jurisdiction in which such provision is legal and valid.

13. Any controversy, dispute or claim between the parties arising out of or relating to any of the terms or provisions contained in this Stipulation may be enforced by the United States District Court for the District of Columbia. The parties agree that this Stipulation will not be used as evidence or otherwise in any pending or future civil or administrative action against Plaintiff, the Defendant, or any other agency or instrumentality of the United States except in an action to enforce this Stipulation or establish the terms hereof.

14. Execution of this stipulation shall constitute a dismissal of this action, with prejudice, pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure.

Plaintiff hereby executes this Stipulation of Settlement, acknowledging that its terms and conditions have been fully understood, that an adequate period of time has been afforded to allow for consideration of said terms and conditions, and that an opportunity has been afforded to consult with counsel.

Respectfully submitted,

_____
ROBBIE CHRISHON
Plaintiff

_____
JASON C. CRUMP
SMITH, GRAHAM & CRUMP, LLC
Inglewood Business Park I
9200 Basil Court, Suite 301
Largo, MD. 20774
(301)925-2001, Ext. 111

Counsel for Plaintiff

_____
JEFFREY A. TAYLOR
United States Attorney
D.C. BAR No. 498610

_____
RUDOLPH CONTRERAS
Assistant United States Attorney
D.C. BAR No. 434122

_____
ALEXANDER D. SHOAIBI
Assistant United States Attorney
D.C. Bar No. 423587
Judiciary Center Building
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7236

Counsel for Defendant

_____
JACQUELINE MEYERS
Associate Deputy Chief of Business
    Operations, Forest Service
U.S. Department of Agriculture
1400 Independence Avenue, S.W.
Washington, DC 20250